# SUPREME COURT OF NEBRASKA

## SEPTEMBER TERM, 1922.

FLOYD SEYBOLT, APPELLANT, V. WILLIAM S. WATERS, APPELLEE.

FILED OCTOBER 4, 1922. No. 21818.

1. **Sales: PRICE: PROOF.** In the absence of any agreement as to the price of goods sold and delivered, there is an implied agreement that the price shall be reasonable, and, in an action to recover the price of goods sold under such circumstances, proof of the reasonable value of the goods is essential to recovery.

2. ———: ———: EVIDENCE. Testimony that the items in an account for goods sold and delivered are "correct" is insufficient to establish that a price was agreed upon, or the reasonable value of the goods sold.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed.*

*Hainer, Craft & Lane,* for appellant.

*R. J. Greene* and *H. C. Wilson, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, DEAN, ALDRICH, DAY and FLANSBURG, JJ.

PER CURIAM.

This was an action on an account for goods sold and delivered by the Union Lumber Company to the defendant. The petition alleges the sale and delivery of building material and coal to the defendant during a period beginning January 2, 1911, and ending March 2, 1914; that certain

payments were made on account of the same; and that the debt had been assigned to plaintiff, who sues as assignee of the creditor. The answer denies the assignment of the account, and alleges that plaintiff had no right to maintain this suit in his own name. It also contains a general denial and a defective plea of the statute of limitations. A jury was waived. The trial court found for the defendants and dismissed the action.

We are not informed upon what ground the trial court found for the defendant. Under the provisions of section 8528, Comp. St. 1922, and the decisions in *Meeker v. Waldron*, 62 Neb. 689, and *Huddleson v. Polk*, 70 Neb. 483, the action was properly brought by the assignee in his own name, and, since a number of the items sold and delivered were furnished within four years, plaintiff, if the proof had been sufficient as to the price or value of the goods sold, would have been entitled at least to a judgment for the reasonable value of the items sold within that time. Whether for a longer period is open to question.

The president of the lumber company testified that the goods were furnished and delivered upon the order of the defendant, and that the items in the account were correct, but neither he nor any other witnesses testified that there was any price agreed upon, or that the prices charged were the reasonable value of the goods furnished. The "items" in the account might have been "correct," but that does not establish or prove that the charges made were reasonable and just. Before book accounts can be introduced in evidence under the statute, they must be shown to be "just and true." Much more should proof be required of this nature in an action when the books are not in evidence. In the absence of any agreement as to the price of goods sold and delivered, there is an implied agreement that the prices shall be reasonable. Proof that they are reasonable is an indispensable requisite to recovery upon such an implied promise. There is no proof of any agreement as to price,

or as to the reasonable value of the goods sold. We regret that we are not authorized by statute, as some courts now are, to remand the case for further proof, but, as it is, we can only hold that there is a failure to prove an essential requisite to recovery, and that the district court was right in its judgment.

AFFIRMED.